# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BURTON HAGWOOD,**

    **Petitioner,**

**v.**                                                             **Civil Action No.  3:07cv17**
                                                                        **Criminal Action No.  3:00cr13**
                                                                         **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

On January 29, 2007, the *pro se* petitioner filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 1651.[1]  In the application, Petitioner asserts that he can establish "a most grave jurisdictional defect" that has violated his Constitutional rights.  More specifically, Petitioner asserts that the prosecutor failed to present the required jurisdictional nexus to the Grand Jury.  Therefore, Petitioner asserts that the indictment against him was defective and could not be used as a basis to convict him.  Because the government lacked subject matter jurisdiction over him, Petitioner asserts that his judgment of conviction is void and that he should be released from unlawful custody.

## I.  Factual and Procedural History

**A.  Petitioner's Conviction and Sentence**

On March 14, 2000, Petitioner was charged in a six count federal indictment of one count

---

[1] Because it was not clear if Petitioner intended to initiate a new case or file the application for relief in his criminal case, the Court, out of an abundance of caution, has filed Petitioner's application in his criminal case and initiated a civil action on his behalf.

conspiracy to possess with intent to distribute crack cocaine, one count possession of a firearm in furtherance of a drug trafficking crime, two counts possession with intent to distribute crack cocaine, and two counts distribution of crack cocaine. On July 21, 2000, Petitioner pled guilty to one count distribution of crack cocaine for which he received a sentence of 151 months on November 29, 2000. In exchange for his plea, the other five counts of the indictment were dismissed.

**B. Direct Appeal**

Petitioner filed a direct appeal of his conviction and sentence on December 4, 2000. Petitioners' appeal raised one ground -- ineffective assistance of counsel. Petitioners' conviction and sentence were affirmed on October 5, 2001.

**C. Petitioner's Federal Habeas**

On September 26, 2001, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. In that motion, Petitioner argued that his plea was unlawfully induced or not made voluntarily and several instances of ineffective assistance of counsel.

Petitioners' § 2255 motion was amended on October 29, 2001. In his amended motion, Petitioner raised several more instances related to his ineffective assistance of counsel claim.

On November 29, 2001, Petitioner filed an addendum to his § 2255 motion. In the addendum, Petitioner asserted yet another instance of ineffective of counsel.

After the issues had been fully briefed, the undersigned issued a Report and Recommendation ("R&R") recommending that Petitioner's § 2255 motion be dismissed on the merits. After a thorough review of Petitioner's claims, the R&R was adopted by the district judge on September 19, 2002, and Petitioner's § 2255 motion was denied on the merits. Petitioners' appeal of that decision was dismissed by the Fourth Circuit Court of Appeals on April 7, 2003.

## II. The All Writs Act

Title 28 U.S.C. § 1651 is commonly referred to as the All Writs Act because it is a "residual source of authority to issue writs which are not otherwise covered by statute."[2] Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). The Supreme Court has stressed, however, that the All Writs Act does not authorize Courts "to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient." Id. Instead, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Id.

### III. Analysis

In the instant petition, Petitioner seeks relief pursuant to the All Writs Act citing jurisdictional errors in his underlying criminal proceedings. As a result, Petitioner seeks to have his underlying conviction declared void, thereby precipitating his release from custody.

It is clear that regardless of the label Petitioner has placed on his application, he is seeking collateral relief through his present request. Moreover, because Petitioner's underlying conviction is federal, there are two specific statutes under which Petitioner may seek the relief he has requested. Those statutes are 28 U.S.C. § 2255 and 28 U.S.C. § 2241. Thus, Petitioner's application should be construed as one arising under one of the more specific statutes and relief pursuant to the All Writs Act should be denied.

**A. 28 U.S.C. § 2255**

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. In this case, however, Petitioner has already filed a § 2255 motion. Thus, if his present application is construed as one arising under § 2255, his claims must

---

[2] The All Writs Act provides in pertinent part: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

3

be viewed as a second or successive habeas petition under 28 U.S.C. § 2244.

Pursuant to § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."[3] In addition, before a second or successive application can be considered, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). Here, Petitioner's first § 2255 motion was clearly dismissed on the merits. In addition, Petitioner's current application challenges the same sentence as was challenged in his first § 2255 motion. Moreover, the ground raised in the instant application, although unknown to Petitioner at the time he filed his first § 2255 motion, was nonetheless available and should have been raised at that time. Thus, the undersigned finds that Petitioner's current challenge to his conviction and sentence, if construed as a § 2255 motion, would be a second or successive motion and that Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file such a motion in this Court. Accordingly, pursuant to 28 U.S.C. §

---

[3] With regard to second or successive petitions, 28 U.S.C. § 2255 states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

4

2244 and 28 U.S.C. § 2255, this Court is without the authority to hear a second federal habeas petition in Petitioner's case. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

**B. 28 U.S.C. § 2241**

Although the primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to § 2255, a petition under 28 U.S.C. § 2241 may be used to attack the manner in which a federal sentence is executed. However, a § 2241 petition that challenges a federal conviction and sentence is properly construed as a § 2255 motion unless the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant *has failed to apply for relief, by motion, to the court which sentenced him*, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255.

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Further, the Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy in the case of In re Jones, 226 F.3d 328 (4th Cir. 2000). In that case, the court concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255

5

because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

Upon a review of Petitioner's application, the undersigned finds that the claims raised in the application should have been raised either on appeal or in Petitioner's § 2255 motion and that there is nothing in Petitioner's application which demonstrates that he meets the Jones requirements. Consequently, if Petitioner's application was construed as a petition arising under § 2241, Petitioner would not be able to demonstrate that § 2255 is an inadequate or ineffective remedy, and he would not be entitled to rely on § 2241 for relief.

## IV. Recommendation

For the foregoing reasons, the undersigned finds that relief pursuant to § 1651 is not appropriate in this instance because Petitioner's claims should have been raised under either 28 U.S.C. § 2255 or 28 U.S.C. § 2241. Nevertheless, the undersigned also finds that if this Court was to construe Petitioner's application as one arising under the aforementioned statutes, Petitioner would still not be entitled to relief. Thus, the undersigned recommends that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 1651 be DENIED and DISMISSED with prejudice.

Within TEN (10) DAYS after being served with a copy of this Recommendation, any party may file with the Clerk written objections identifying the portions of the Recommendation to which objection is made and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in the waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v.

Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: March 1, 2007.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE