**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**BURTON HAGWOOD,**

    **Petitioner,**

v.                                            **Civil Action No.   3:07CV17
                                                    Crim. Action No.   3:00CR13-1
                                                    (BAILEY)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION ON PETITION FOR WRIT
OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 1651**

I.     Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 1651 (Crim. Doc. 166) and the petitioner's corresponding objections (Crim. Doc. 176). Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. However, failure to file objections to the proposed findings and recommendation permits the district court to exercise review under the standards believed to be appropriate and, under these circumstances, the parties' right to *de novo* review is waived. **See *Webb v. Califano***, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the opinion of the Court that the **Magistrate Judge's Report and**

**Recommendation (Crim. Doc. 166; Civ. Doc. 2)** should be, and is, **ORDERED ADOPTED**.

II.  Factual & Procedural History

The relevant factual and procedural history regarding the petitioner's motion are as follows. On July 21, 2000, the petitioner pled guilty, pursuant to a written plea agreement, to one count of distribution of cocaine base. As a result, the Court sentenced the petitioner to a 150-month term of incarceration. Thereafter, the petitioner unsuccessfully appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed petitioner's sentence and conviction on October 2, 2001. Significantly, the only issue raised by petitioner in his direct appeal was counsel's alleged ineffectiveness.

Following the denial of his appeal, the petitioner filed a Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Crim. Doc. 95). Although this petition underwent two successive amendments, the sole issues raised by petitioner concerned a purported improper inducement of his guilty plea and several alleged instances of ineffective assistance of counsel. After thorough review, the Court dismissed the petition finding the same to be without merit.

On January 29, 2007, the petitioner filed his instant Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 1651 (Crim. Doc. 164). By standing order of the Court, this case was referred to the United States Magistrate Judge James E. Seibert for proposed findings of fact and a recommended disposition. In support of the motion, petitioner contends that the federal government lacks subject matter jurisdiction over the crime to which he pled.

Upon consideration, the Magistrate Judge recommended that the petition be dismissed as 28 U.S.C. §§ 2255 & 2241, and not 28 U.S.C. § 1651, govern federal collateral review. In addition, the Magistrate Judge found that the petitioner had failed to establish the savings clause requirements announced by the Fourth Circuit in **In re Jones**, and therefore, recommended that the petition be dismissed as successive pursuant to 28 U.S.C. § 2244(a). By Order dated January 25, 2008 (Crim. Doc. 175), the Court adopted the Report and Recommendation of the Magistrate Judge. However, based on petitioner's representations that he did not receive a copy of the Report and Recommendation, this Court granted the petitioner an extension of time to file objections. Subsequently, on February 6, 2008 (Crim. Doc. 176) the petitioner filed his objections to the Report and Recommendation of the Magistrate Judge. There, the petitioner objects that he was forced to accept his guilty plea and that his trial counsel was ineffective. Additionally, petitioner contends that he and his co-defendant were setup by the government informant, and further that the federal government lacks subject matter jurisdiction over the crime to which he pled.

III. <u>Legal Standards</u>

As properly noted by the Magistrate Judge, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is the controlling authority, and not the All Writs Act." **Carlisle v. United States**, 517 U.S. 416, 428-29 (1996) (internal quotations and citation omitted). Furthermore, in the context of federal habeas corpus, "[s]uch a statute exists in this case. Pursuant to the 'savings clause' in 28 U.S.C. § 2255, a federal

prisoner may apply for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his conviction or imposition of sentence 'if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention." **Wright v. United States**, 202 F. Supp. 471, 474 (W.D.N.C. 2002) (quoting **Charles v. Chandler**, 180 F.3d 753 756 (6th Cir. 1999).

Pursuant to § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Moreover, in order for a subsequent petition to be considered successive, the prior petition must have been dismissed on the merits. **Harvey v. Horan**, 278 F.3d 370 (4th Cir. 2002). Nevertheless, under the "savings clause" of § 2255, a petitioner may escape § 2244(a)'s bar on successive collateral attacks where it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. In elucidating this standard, the Fourth Circuit Court of Appeals has noted that:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

**In re Jones**, 22 F.3d 328 (4th Cir. 2000).

IV. Discussion

In turning to the case at bar, the Court finds that the instant petition is barred as a successive challenge to the legality of petitioner's confinement. Initially, and despite the petitioner's creative attempts at characterization, the above precedent makes clear that the petition is governed by 28 U.S.C. §§ 2255 & 2241, and not 28 U.S.C. § 1651. Additionally, the Court concurs with the Magistrate Judge's finding "that there is nothing in Petitioner's application which demonstrates that he meets the *Jones* requirements" for invoking the savings clause. As such, the validity of the petition must turn on whether it can properly be considered successive within the meaning of § 2244(a). In this regard, the Court notes that the dismissal of plaintiff's prior petition occurred on the merits. Additionally, and as noted by the Magistrate Judge, the instant petition challenges the very same sentence on grounds which were available and should have been raised on the prior collateral attack. Accordingly, the Court finds the instant petition to be successive within the meaning of § 2244(a).

V. Conclusion

For the foregoing reasons, and those more fully contained in the Report and Recommendation of the Magistrate Judge, the Court **ORDERS** as follows:

1. That the **Magistrate Judge's Report and Recommendation (Crim. Doc. 166; Civ. Doc. 2)** is **ORDERED ADOPTED**;

2. That the **Petition for Writ of Habeas Corpus (Crim. Doc. 164; Civ. Doc. 1) is DENIED;** and

3. That this case be **CLOSED** and **STRICKEN** from the active docket of the

Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

Dated: July 2, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE